UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PARDEEP BAZARD,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>BRUCE SCOTT, et al.,<br><br>　　　　　Respondent. | Case No. 2:26-cv-01559-TMC<br><br>ORDER ON MOTION FOR<br>TEMPORARY RESTRAINING ORDER |

## I.　INTRODUCTION

Before the Court is self-represented petitioner Pardeep Bazard's motion for a temporary restraining order ("TRO"). Dkt. 2. For the following reasons, Mr. Bazard's motion is DENIED.

## II.　BACKGROUND

Mr. Bazard is a "28 year old native of India" who had lived in Washington state for two years before he was arrested by Customs and Border Patrol ("CBP") and detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"). Dkt. 2 at 1. Mr. Bazard also has a state criminal case pending and has remained in Respondents' custody for "around six months." Dkt. 2 at 3. On May 6, 2026, Mr. Bazard filed the instant motion with an accompanying petition for writ of habeas corpus, both seeking the same relief. Dkts. 1, 2. The Court granted his request to proceed in forma pauperis. Dkt. 6.

ORDER ON MOTION FOR TEMPORARY RETRAINING ORDER - 1

### III.    LEGAL STANDARDS

A party seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *United States v. City of Seattle*, 474 F. Supp. 3d 1181, 1185 (W.D. Wash. 2020) ("The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction."). When a party seeks a TRO against the government, the third and fourth factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). In the Ninth Circuit, a party may also obtain a TRO by demonstrating "'serious questions going to the merits' and a balance of hardships that tips sharply" in the party's favor, so long as the party also shows "that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)); *City of Seattle*, 474 F. Supp. 3d at 1185–87 (applying the "serious questions" standard to a request for a TRO).

A document filed by a self-represented litigant is to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

### IV.    DISCUSSION

Mr. Bazard seeks a TRO requiring that ICE: (1) release him from NWIPC within twenty-four hours; (2) have "sufficient evidence" before re-detaining him. Dkt. 2 at 6. To support that request, Mr. Bazard makes several arguments. First, he contends he is likely to succeed on the merits of his case because: (1) respondents arrested him because of his pending criminal charges and have violated his Fifth Amendment right to attend his criminal trial; (2) he has been detained for "around six month[s]"; (3) his U-Visa application is pending before USCIS; and (4) he has no final removal order because his immigration case is before the Board of Immigration Appeals

ORDER ON MOTION FOR TEMPORARY RETRAINING ORDER - 2

("BIA"). *Id.* at 3. Second, he argues he will suffer irreparable injury because: (1) his rights will be violated; (2) he will continue to be detained without sufficient evidence; and (3) he has an arrest warrant issued by Thurston County Superior Court for his pending criminal case because his detention caused him to miss those proceedings. *Id.* at 4–5.

Mr. Bazard's motion seeks to obtain the relief sought in his habeas petition on an expedited basis. Dkt. 1 at 3; Dkt. 2 at 6. "The purpose of a TRO is to preserve the status quo pending full adjudication, not to grant the movant the same relief he would obtain if he prevailed on the merits." *Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026). Accordingly, Mr. Bazard fails to show a likelihood of irreparable harm without preliminary relief.

As explained in this Court's General Order 10-25 on immigration habeas petitions, this type of filing is discouraged, and "[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." General Order 10-25 (Dec. 18, 2025). This District is handling an unprecedented volume of immigration habeas cases, all of which, by their very nature, concern petitioners who allege they are unlawfully in custody. The Court does its best to rule on each petition promptly, but it will generally not consider emergency motions that seek the same underlying relief without a showing of imminent, irreparable harm separate from ongoing detention. Furthermore, the Court's scheduling order provides a procedure for either party to request expedited briefing on the habeas petition. *See* Dkt. 8.

## V.    CONCLUSION

The Court recognizes that Mr. Bazard's habeas petition raises important questions about whether he was denied due process. The appropriate vehicle for resolving Mr. Bazard's due

process claim is his habeas petition. The Court will resolve it after all parties have a chance to be heard. Mr. Bazard's motion for a TRO is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 8th day of May, 2026.

Tiffany M. Cartwright
United States District Judge